| | |
|---|---|
| JESSE WILLARD,<br><br>  Plaintiff,<br><br> v.<br><br>SUSAN DOUGHERTY, *et al.*,<br><br>  Defendants. | Case No. 1:19-cv-00648-JDP<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO PAY THE $400.00 FILING FEE IN FULL WITHIN FORTY-FIVE DAYS<br><br>ECF No. 2 |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Jesse Willard is a state prisoner proceeding without counsel in this civil rights action under 42 U.S.C. § 1983. Plaintiff filed an application to proceed *in forma pauperis* ("IFP") on March 12, 2019. ECF No. 2. To properly evaluate plaintiff's eligibility, the court directed the California Department of Corrections and Rehabilitation to submit his Certified Prison Trust account statement. ECF No. 8. According to this statement, plaintiff's account balance was $2,143.58 as of May 16, 2019. ECF No. 9.

Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400 filing fee is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without prepaying fees and costs if the person submits an IFP application on the court's form, which includes an affidavit stating that he or she is unable to pay the initial fees. *See* 28 U.S.C. § 1915(a)(1). In determining whether to make such an

authorization, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Kuhne-Irigoyen v. Gonzalez*, No. 118CV01011DADSKO, 2018 WL 3816732, at *3 (E.D. Cal. Aug. 9, 2018) (quoting *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits" (citation omitted)).

The standard for IFP eligibility requires that an applicant be "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). There is "no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a fee waiver, but she must demonstrate that because of her poverty she cannot pay those fees and still provide herself "with the necessities of life." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 334 (1948)). The determination as to whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993).

Considering the foregoing, we will recommend that plaintiff's application to proceed *in forma paurperis*, ECF No. 2, be denied. Plaintiff has sufficient funds to pay the filing fee outright. Moreover, even if the court were to grant plaintiff's application, it appears that plaintiff would be promptly required to pay the filing fee under 28 U.S.C. § 1915(b)(1):

> Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Though the court will recommend denial of plaintiff's motion at this time, if plaintiff's complaint is found to state cognizable claim(s) and service is authorized on any defendant, plaintiff may move to proceed IFP for the limited purpose of service of process. *See Smith v. Rodriguez*, No. 1:18-cv-01236-EPG, (E.D.C.A. Sept. 17, 2019) (order denying plaintiff's IFP application but allowing renewal of application for limited purpose of service of process).

**ORDER**

The clerk of court is directed to assign this case to a district judge, who will preside over this case. The undersigned will remain as the magistrate judge assigned to the case.

**RECOMMENDATION**

Accordingly, we recommend that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, be denied.
2. If plaintiff wants to proceed with this action, he should be required to pay the $400.00 filing fee in full within forty-five days.

IT IS SO ORDERED.

Dated: May 21, 2019

UNITED STATES MAGISTRATE JUDGE

No. 203

3