1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

9   | JESSE WILLARD,                          | Case No. 1:19-cv-00648-AWI-JDP

10          Plaintiff,

11      v.                                     ORDER TO SHOW CAUSE WHY THIS
                                              CASE SHOULD NOT BE DISMISSED FOR
12   | SUSAN DOUGHERTY, *et al*.,             FAILURE TO PROSECUTE AND FAILURE
                                              TO COMPLY WITH A COURT ORDER
13          Defendants.
                                              FORTY-FIVE DAY DEADLINE

14

15

16      Plaintiff Jesse Willard is a state prisoner proceeding without counsel in this civil rights

17   action brought under 42 U.S.C. § 1983.  Plaintiff's first amended complaint was screened on

18   April 3, 2020, and plaintiff was ordered to file a response, within sixty days, that chose

19   between (1) proceeding only on the claims found cognizable by the court and voluntarily

20   dismissing all other defendants, (2) filing a second amended complaint, or (3) standing by the

21   current complaint, subject to dismissal of claims and defendants consistent with this order.  *See*

22   ECF No. 18.  However, plaintiff has yet to file a response to the second screening order.

23      To manage our docket effectively, we impose deadlines and require litigants to meet

24   those deadlines.  When a plaintiff fails to comply with court-imposed deadlines, the court may

25   dismiss the plaintiff's case for failure to prosecute.  *See* Fed. R. Civ. P. 41; *Hells Canyon Pres.*

26   *Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our

27   sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at

28

least under certain circumstances.").  Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

We will give plaintiff the opportunity to explain why the court should not dismiss his case for failure to prosecute.  A failure to respond to this order will constitute another failure to comply with a court order and will result in dismissal of this case.  Accordingly, plaintiff must show cause within forty-five days of the date of entry of this order why the court should not dismiss his case for failure to prosecute.  Should plaintiff respond, that response should also indicate which of the three options above plaintiff selects.

IT IS SO ORDERED.

Dated:    June 15, 2020

UNITED STATES MAGISTRATE JUDGE

No. 205.